18947

Nick A. THEODORE, a resident taxpayer of Greenville County, individually and representing all other persons similarly situated, Appellant, v. Ralph W. BLAKELY, Chairman, Wallace A. Mullinax, W. Donald Owens, A. E. Green, Joseph H. Earle, Jr., W. M. Kay, Jr., William L. Hunter, John C. Jarrard, and Robert B. Vaughn, together constituting the County Council of Greenville County, Respondents.

(169 S. E. (2d) 276)

*Austin C. Latimer, Esq.,* of Greenville, *for Appellant,*

*Messrs Riley & Riley,* of Greenville, and *Sinkler, Gibbs & Simons,* of Charleston, *for Respondents,*

July 30, 1969.

LITTLEJOHN, Justice.

This action was brought by the plaintiff as a taxpayer of Greenville County against the defendants, who constitute the County Council of Greenville County. Both parties seek a declaratory judgment rendering a judicial interpretation of the language in a constitutional amendment to Section 5 of Article 10 of the State Constitution, ratified by the General Assembly February 19, 1969.

It is alleged by the plaintiff, and admitted by the defendants, that the amendment is subject to two possible interpretations and that a declaration by the court is necessary in order that the defendants may know the extent of their authority to (1) issue bonds for hospital purposes, and (2) issue bonds for other proper county purposes authorized by Section 6 of Article 10 of the constitution.

The case was heard by Honorable Frank Eppes, Circuit Judge, on the pleadings. From his order interpreting the section plaintiff has appealed.

By joint resolution of the General Assembly the proposed amendment was submitted to the qualified electors in a general election by a question worded as follows:

"Shall Section 5 of Article X of the Constitution of this State be amended so as to permit Greenville County to increase its bonded indebtedness up to twenty-five per cent of the assessed value of the taxible property therein for the purpose of providing public hospital facilities and to exclude such indebtedness from the limitation of aggregate indebtedness upon any municipality or political subdivision of the county or State covering or partially extending over any portion of the territory of Greenville County?"

The proposal was approved in the election and was subsequently ratified by the General Assembly. The amendment reads as follows:

"Provided, that the limitations as to bonded indebtedness imposed by this section shall not apply to bonded indebtedness of Greenville County for providing hospital facilities and the county may incur bonded debt to the extent of not exceeding twenty-five per cent of the assessed value of all taxable property therein. The bonded indebtedness incurred for the purpose of providing public hospital facilities shall not be considered in determining the power to incur indebtedness by any municipality or political subdivision of the county or State covering or partially extending over any portion of the territory of Greenville County."

The pleadings in this case raised two basic issues for the lower court, and those two same basic questions are before this court as a result of the exceptions. The first question is as follows:

Does the amendment remove all bond debt limitations in Greenville County for hospital purposes and simultaneously

raise the eight percent limit for other constitutional purposes established by Section 5 of Article 10 of the constitution to twenty-five percent, OR, ON THE OTHER HAND, does the amendment raise the debt limitation for Greenville County for hospital purposes to twenty-five percent and leave the eight percent debt limitation for other county purposes unchanged?

The first construction set forth above would give to the defendants unlimited authority to issue bonds for hospital purposes, and would allow the defendants to issue bonds for other proper purposes to the extent of not exceeding twenty-five percent of the assessed value of all taxable property therein. From a study of the question submitted and the constitutional amendment approved and ratified, we conclude that such was not the intent of either the General Assembly or of the electors.

We agree with the circuit judge that the second possible construction set forth above is proper, and that it was the intent of the electors and of the General Assembly that (a) a bonded debt limit of twenty-five percent for the purposes of providing hospital facilities be established; and (b) the bonded debt limit of eight percent for other proper county purposes than hospital facilities be retained. We hold this to be the proper interpretation.

Only rarely has there been an amendment proposed and adopted which has completely removed on a countywide basis the debt limitation for any particular county purpose. Such a proposal would of necessity have to be clearly presented to the electorate. The language of the question submitted to the electors in this case (Act No. 1107 of 1968) in no way suggests that it was the intention of the legislature to remove all debt limitations as to hospital bonds. On the contrary, the language of the question indicates that the purpose of the amendment was to increase only the bonded debt limitation applicable to hospital bonds and to leave the bonded debt limit for other purposes unchanged.

Having held that the bonded debt limitation for hospital purposes is twenty-five percent and the bonded debt limitation for other county purposes is eight percent, we are now called upon to answer the following question:

Are the bonds already issued for hospital purposes and outstanding at the time of the ratification of the amendment chargeable to the original eight percent debt limitation provided by Section 5 of Article 10, OR, ON THE OTHER HAND, chargeable to the twenty-five percent debt limitation now permitted for hospital purposes?

The language of the amendment is silent on the point here involved, but the implication is clear that hospital bonds of Greenville County are hereafter to be considered in a separate category from bonds issued for other proper county purposes. The question was phrased in a fashion which asked the electorate if the constitution should be amended so as to permit Greenville County "to increase" its bonded indebtedness up to twenty-five percent of the assessed value of all taxable property for hospital purposes. When the electorate agreed "to increase" such indebtedness it was, we think, clearly implied that the bonds previously issued for hospital purposes would be taken into account in determining the amount of hospital bonds that could be issued within a twenty-five percent limitation. See *Knight v. Allen,* 234 S. C. 559, 109 S. E. (2d) 585 (1959).

The exceptions are without merit and the order of the circuit court is hereby,

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.